[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following motions are before the Court for decision: (1) Defendant's motion to reopen the judgment to increase the child support order. That motion is dated June 14, 1990, file stamped June 19, 1990, and was served on the plaintiff on June 27, 1990. That motion is coded as No. 115. (2) Plaintiff's motion to reopen and modify judgment and for the appointment of an attorney for the minor children. That motion is dated July 17, 1990, and file stamped July 17, 1990. That motion is coded No. 116. (3) Plaintiff's motion for contempt dated September 19, 1990, and file stamped September 21, 1990, and is coded No. 118. (4) Plaintiff's motion for contempt, dated November 5, 1990. That motion is file stamped November 7, 1990 and coded No. 119. (5) Plaintiff's motion for counsel fees dated January 3, 1991. That motion is coded No. 122. (6) Defendant's motion for counsel fees dated January 7, 1991, file stamped January 10, 1991. That motion is coded No. 123. (7) Defendant's motion for request for court intervention re: plaintiff's subpoena request, dated April 4, 1991. That motion is file stamped April 8, 1991 and is coded No. 124. CT Page 4796
The Court finds that the support guidelines are applicable to this case and has considered the guidelines. The Court has also considered all of the deviation criteria of the guidelines. The Court has also carefully considered and weighed all of the statutory criteria in deciding all of the above motions.
(1) DEFENDANT'S MOTION TO REOPEN DATED JUNE 14, 1990
That motion is granted retroactive to June 27, 1990, for the period of June 27, 1990 to July 30, 1990. The plaintiff's support order is increased from $10 per child per week to $50 per child per week for both minor children for that period of five weeks. The difference of $80 per week for five weeks amounts to a credit due to the defendant of $400. In addition, the defendant is entitled to a credit of $12 per week for the five-week period for having maintained the children on her medical insurance for a total credit for medical costs of $60 and a gross credit due her of $460 for the period of June 27, 1990 through July 30, 1990.
 (2) THE PLAINTIFF'S MOTION TO REOPEN AND MODIFY JUDGMENT AND FOR THE APPOINTMENT OF AN ATTORNEY FOR THE MINOR CHILDREN DATED JULY 17, 1990
A. September 24, 1990 to December 20, 1990
The Court finds that for the period of September 24, 1990 to December 20, 1990, the defendant is ordered to pay support to the plaintiff for this 13-week period for both minor children. In considering the guidelines as well as the deviations to the guidelines as well as all of the other statutory criteria, the Court orders the defendant to pay to the plaintiff as total support for that period the sum of $70 per week per child for a total of $140 per week for a total payment of $1,820. From this amount of $1,820, the defendant is entitled to a credit of $12 per week for the 13-week period for a total of $156, leaving a net credit due to the plaintiff of $1,664.
B. December 20, 1990 to May 13, 1991
For the period of December 20, 1990 to date, the Court agrees with counsel for the plaintiff that the plaintiff should pay to the defendant as support for Kari the sum of $60 per week and the defendant should pay to the plaintiff as support for James the sum of $110 per week for a net credit due to the plaintiff of $50 per week for 22 weeks for a total net credit due to the plaintiff of $1,100. From this amount, CT Page 4797 the defendant is entitled to a credit of $6 per week for having provided medical coverage for 22 weeks or $132 leaving a net credit due to the plaintiff for the period of December 20, 1990 to May 13, 1991 of $968. Therefore, the total net credit due to the plaintiff is $1,664 plus $968, or $2,632 less the credit due to the defendant of $460, leaving an arrearage due to the plaintiff of $2,172, which the Court orders the defendant to pay at the rate of $10 per week.
The support guidelines suggest that where there is a split custody arrangement that one order should be entered against the parent responsible for paying the larger amount of support. In this case, the Court orders joint custody of Kari Lyn and that the defendant have physical custody of the minor child, Kari Lyn, and joint custody of James, Jr. and that the plaintiff have physical custody of the minor child, James, Jr. The Court has already ordered that the defendant pay as support the sum of $110 and that the plaintiff pay as support the sum of $60. The Court further orders that the defendant is entitled to a credit on the current support order of $110 in the amount of $6 per week as a result of the defendant maintaining both minor children on her medical coverage. Therefore, the net current support order entered against the defendant is $104 per week. The guidelines recommend that where there is a split custody arrangement that the parent whose obligation is larger be responsible for the difference in the support payments. In this case, the difference between the $104 weekly order entered against the defendant and the $60 weekly order entered against the plaintiff is $54 per week. It is therefore the order of the Court that the defendant pay to the plaintiff the sum of $54 per week as support. It is the further order of the Court that the defendant maintain both children under her medical insurance policy and that the parties divide equally any unreimbursed or uncovered medical expenses for both of the minor children.
(3) THE PLAINTIFF'S MOTION FOR CONTEMPT DATED SEPTEMBER 19, 1990
That motion is denied.
(4) THE PLAINTIFF'S MOTION FOR CONTEMPT DATED NOVEMBER 5, 1990
That motion is denied.
(5) THE PLAINTIFF'S MOTION FOR COUNSEL FEES DATED JANUARY 3, 1991
That motion is denied. CT Page 4798
(6) THE DEFENDANT'S MOTION FOR COUNSEL FEES DATED JANUARY 7, 1991
That motion is denied.
(7) THE DEFENDANT'S MOTION FOR REQUEST FOR COURT INTERVENTION RE: PLAINTIFF'S SUBPOENA REQUEST DATED APRIL 4, 1991
That motion is denied.
Miscellaneous Order
A. The defendant is ordered to pay the fees for Attorney Clark-Budzik as counsel for the minor children, which the Court finds to be in the amount of $650, at the rate of $50 per month.
B. A contingent wage execution is ordered against the plaintiff and the defendant.
C. Each party is ordered to provide to the other party a full copy of their income tax return for the prior year commencing May 1, 1991, and May 1 annually thereafter.
D. The Court confirms the appointment of Attorney Carol Clark-Budzik as counsel for the minor children.
Axelrod, J.